# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| FINANCIAL RESOURCES | ) | Case No. 5:21-CV-00219 |
| FEDERAL CREDIT UNION, | ) | |
| | ) | Judge J. Philip Calabrese |
| Plaintiff, | ) | |
| | ) | Magistrate Judge David A. Ruiz |
| v. | ) | |
| | ) | |
| DIEBOLD, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

In this case in which Plaintiff seeks to recover funds that are allegedly missing and unaccounted for, Plaintiff seeks leave to file a second amended complaint.  (ECF No. 81.)  For the reasons below, the Court **GRANTS** leave to file a second amended complaint.  As a result, Defendants' respective dispositive motions (ECF Nos. 63, 64 & 67) are **DENIED as MOOT, WITHOUT PREJUDICE**.

## DISCUSSION

Rule 15 directs courts to give leave to amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Doe v. Michigan State Univ.*, 989 F.3d 418, 426 (6th Cir. 2021).  Absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice, or futility, courts should freely grant leave to amend.  *Doe v. Coll. of Wooster*, 243 F. Supp. 3d 875, 884–85 (N.D. Ohio 2017) (citing *Glazer v. Chase Home Fin. LLC*, 774 F.3d 453, 458 (6th Cir. 2013)).

As grounds for the its motion, Plaintiff states that the original and first amended complaint were drafted to conform to the pleading standards for New Jersey State court, not federal court.  (*Id.*, PageID #234.)  Now that the case is in federal court, Plaintiff seeks leave to file a second amended complaint to "clarify its intent and to fully conform with federal pleading standards . . . ."  (*Id.*)  Further, Plaintiff seeks leave to address several deficiencies raised in Defendants' respective dispositive motions, on which the Court has not yet ruled.  In particular, Plaintiff seeks to "more fully articulate its breach of contract claim and other causes of action, refine its Complaint to more precisely list the defendants subject to each cause of action, and more fully delineate the facts applicable to each cause of action."  (ECF No. 81, PageID #236.)

Defendants Diebold, Inc. and Diebold Nixdorf; Loomis Armored, Inc.; Brinks Company, and Dunbar Armored Inc. oppose the motion.  (ECF Nos. 82, 84, & 85.)  Diebold argues leave to amend would be untimely and futile.  (ECF No. 82, PageID #245–48).  Loomis Armored argues amendment would be prejudicial because "the case has been pending in federal court for nearly a year."  (ECF No. 84, PageID #263.)  Similarly, Brinks and Dunbar Armored argue Plaintiff's delay in seeking leave has prejudiced them, in addition to suffering prejudice from the costs imposed in opposing the motion for leave.  (ECF No. 85, PageID #276–77.)

Although the case has been pending in federal court for nearly a year, it remains in the early stages and discovery has not yet begun in earnest.  The Court has not yet entered a schedule, and the parties agreed to set an amendment deadline

90 days after the Court rules on the pending dispositive motions.  (ECF No. 74, PageID #156; ECF No. 76, PageID #160.)  Further, Defendants' respective dispositive motions are currently pending and Plaintiff seeks leave to amend to address the deficiencies raised in those motions.  Given this procedural posture, the liberal amendment standard of Rule 15 applies, and the Court cannot say that there is any material prejudice to Defendants.

Defendants point out that Plaintiff did not submit a proposed second amended complaint with its motion for leave and argue the Court cannot grant leave without reviewing the proposed changes.  (ECF No. 82, PageID #248, ECF No. 84, PageID #264; ECF No. 85, PageID #277.)  They direct the Court to *Spadagore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003), in which the Sixth Circuit stated that "[w]ithout viewing the proposed amendment, it was impossible for the district court to determine whether leave to amend should have been granted."  However, the plaintiff in *Spadagore* never moved for leave to amend and only raised the possibility of amendment in response to the defendant's motion for summary judgment.  *Id.* Without a motion or proposed amendment, the lower court lacked reason to consider granting leave.  In contrast, Plaintiff here moved for leave with a memorandum in support that explains how Plaintiff would amend if granted leave to do so and did so in what remains the early stages of this litigation.  Further, amendment to address pleading deficiencies arising from the differences between State and federal procedure will advance resolution of the parties' respective claims and defenses on the merits.

3

## CONCLUSION

Under Rule 15's liberal amendment policy, the Court discerns no prejudice that would bar amendment and **GRANTS** leave for its filing. Plaintiff shall file its second amended complaint with an exhibit showing the changes from the first amended complaint in redlines. The Court will not consider another motion for leave to amend unless discovery identifies additional parties or claims.

As a result of granting leave to amend, Defendant Diebold Inc.'s motion to dismiss (ECF No. 63), Defendant Brinks Company's and Dunbar Armored Inc.'s motion to dismiss (ECF No. 64), and Defendant Loomis Armored, Inc.'s motion for judgment on the pleadings (ECF No. 67) are **DENIED as MOOT, WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated: April 29, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio

4